NEW-YORK,<br>May, 1831.

Mohawk Bank<br>v.<br>Van Horne.

Motion for new trial, and in arrest, denied.

---

THE MOHAWK BANK *vs.* VAN HORNE.

An *endorser* is not discharged by the acceptance by the *holder* of a note of a bond and warrant of attorney from the maker for the purpose of entering judgment thereon and increasing his security; the bond and warrant in such case are considered as collateral security.

THIS was an action of *assumpsit*, tried at the Schenectady circuit in January, 1830, before the Hon. JAMES VANDERPOEL, one of the circuit judges.

The liability of the defendant as the *endorser* of a note payable in 1827, was duly shewn. The defendant proved that in 1829 the plaintiffs accepted from the *maker* of the note a *bond* for the amount of the note, payable on *demand*, which the maker stated he understood was a *judgment bond*, and supposed a judgment was to be entered for the amount. The counsel for the defendant insisted that the acceptance of the bond was an extinguishment and satisfaction of the note, whereby the defendant was discharged as endorser. The judge charged the jury that the acceptance of the bond and warrant of attorney, upon which judgment was to be entered by the plaintiffs, was not a statisfaction of the note, and that the defendant was liable as endorser. The defendant excepted, and the jury found for the plaintiffs. The defendant now moves for a new trial.

*D. Cady*, for defendant. The acceptance of a bond for money due on a simple contract is a satisfaction of the simple contract, and the remedy afterwards must be confined to the bond. 3 Johns. C. 180. A bond may be given under such circumstances, that it will not be considered an extinguishment of the simple contract, but only as collateral security, as in 14 Johns. R. 404; in this case, however, there was nothing to shew that it was taken as collateral security, and whether so taken or in satisfaction, was a question of fact, which should have been submitted to the jury. Nor is this case like that of *Hallett* v. *Holmes*, 18 Johns. R. 28, where the endorser was held liable; for there, although the holder took a *cognovit*, his remedy was still on the note. In *Lynch* v. *Reynolds*, 16 Johns. R. 42, the court say, if the holder does an act which takes away and destroys the remedy of the *other parties* against the *maker* upon the *very bill*, he forfeits his right to call upon the former endorsers. If this be law, the defendant is discharged; for by taking the bond of the maker, the remedy of the endorser *on the note* was destroyed.

*A. C. Paige*, for plaintiffs. Instead of prosecuting the note against the maker, the plaintiffs took a bond and warrant with the avowed intent of entering judgment thereon; by so doing, judgment against the maker was expedited, a lien upon his real estate was acquired, and the endorser benefitted instead of injured. The case is directly within the principle of *Hallett* v. *Holmes*. There was no giving day of payment to the maker; the bond was payable on demand, and the endorser had he paid the note, might have had immediate recourse to the maker, 9 Cowen, 206 and would have been entitled to substitution. What was said by the court in *Lynch* v. *Reynolds*, was in refference to a debt actually extinguished by the creditor, uniting in a petition for the discharge of the maker as an insolvent debtor.

*By the Court*, SUTHERLAND, J. The only point in this case is whether an endorser is discharged in consequence of the endorsees having taken from the maker a bond and warrant of attorney, to enter up judgment for the amount of the note

against him. The judge decided correctly that the endorser was not discharged.

It was not suggested upon the trial that the bond and warrant were accepted in satisfaction of the note ; but it was insisted that the acceptance of the bond and warrant was, *per se,* a discharge of the endorser. Now, on the face of the transaction, according to the ordinary course of business, a bond and warrant of attorney under such circumstances are taken merely as collateral security ; and as there was no intimation of a desire to have the jury pass upon the question whether the acceptance was in satisfaction of the note or not, the judge had no reason to suppose that the counsel thought that there was any thing out of the ordinary course in this case. Considering it as a case of a bond and warrant of attorney, given for the purpose of enabling the plaintiff to enter up judgment and increase his security, the judge correctly charged the jury that it did not discharge the endorser. It was not giving time to the maker, nor in any manner affecting or imparing the right of the endorser. It was nothing more than the confession of a judgment by the maker, without even a stipulation to stay execution for a day. The case of *Hallett* v. *Holmes,* 18 Johns. R. 28, if any authority were necessary, is in point.

Motion for new trial denied.